JUDGE HERB ROSS (Recalled)

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
11/26/07**

| | |
|---|---|
| Case No. A07-00076-HAR | In Chapter 7 |
| In re MACARIO D. BILIRAN and INEZ F. BILIRAN, | |
| Debtor(s) | |
| KENNETH BATTLEY, Trustee, | Adv Proc No A07-90017-HAR |
| Plaintiff(s) | BANKRUPTCY COURT'S RECOMMENDATION FOR WITHDRAWAL OF REFERENCE |
| v. | |
| MACARIO D. BILIRAN; INEZ F. BILIRAN; RESY AYERS; and PHILLIP AYERS | |
| Defendant(s) | |

TO: the judges of the United States District Court for the District of Alaska

<u>**The court recommends that the reference be withdrawn and this adversary proceeding be transferred to a district judge of the United States District Court for the State of Alaska for further proceedings**</u>.[1]  The matter is currently in the bankruptcy court under this district's general order of reference.[2]

Local Alaska Bankruptcy Rule 5011-1 provides a procedure for handling a motion to withdraw the reference so a matter may be returned to the district court for some proper purpose. Such a motion is often filed by one of the parties, but the bankruptcy judges in this district

---

[1] 28 USC § 157(d): "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion by any party, for cause shown."

[2] 11 USC § 157(a); *see*, *Amended General Order*, Order No. 503, filed in the district court on May 17, 1985 (located at http://www.akd.uscourts.gov/reference/mgo/mgo-503.pdf)

commonly make a recommendation on their own to facilitate handling of a matter in an appropriate case.

In this adversary proceeding, which involves an alleged fraudulent transfer of property to debtors' relatives, the bankruptcy court makes the recommendation for withdrawal of the reference because a timely request for a jury trial has been made,[3] and at least one of the parties has not consented for the bankruptcy judge to conduct the trial.[4] Under these circumstances, the bankruptcy court is not authorized to conduct a jury trial.[5]

The nondebtor defendants have not filed claims against the estate, and both plaintiff and defendants say there is a right to a jury trial. Most courts, following the Granfinanciera case from the Supreme Court, agree.[6] I, too, believe that the defendants (at least the nondebtors) have a right to a jury trial.

DATED: November 26, 2007

          /s/ Herb Ross
          HERB ROSS
          U.S. Bankruptcy Judge

Serve:
William Artus, Esq., for π
J. Mitchell Joyner, Esq., for Δ
Kenneth Battley, Trustee
Debtors
US Trustee
Peggy Gingras, Adv. Proc. Mgr.
Ida Romack, Clerk of U.S. District Court

11/26/07                                                                 D6498

---

[3]Docket Nos. 10 and 23.

[4]Docket No. 24.

[5]28 USC § 157(e) provides a jury trial may only be heard by a bankruptcy judge if all parties expressly consent.

[6]Granfinanciera, S.A. v Nordberg, 109 SCt 2782 (1989); In re Transcon Lines, 121 BR 837, 839-40 (CD Cal 1990).